

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXN
ATTORNEY GENERAL

Honorable Tom Coleman, Jr.
County Attorney
Angelina County
Lufkin, Texas

Dear Sir:

Opinion No. 0-2398
Re:  Authority of County Superinten-
dent to refuse to approve teachers'
contracts.

We are in receipt of your letter of May 18, 1940, re-
questing an opinion by this Department, which reads in part
as follows:

"The Zavalla Consolidated School District held
an election at which a further consolidation was
affected.  Thereafter the County School Board ap-
pointed a new board of trustees for the district.
During the year various differences arose between
the Superintendent of the local district and the
High School Principal.  This led to serious trouble
in the district and division in the community and
among the pupils.  Prior to the elections for new
trustees the appointed board gave contracts to
several of the teachers, including the Principal,
but not including the Superintendent, for the fol-
lowing year.  This became one of the issues in the
election of trustees in April, at which time all of
the appointed board were defeated by a large vote.
The new board promptly gave a contract to the Super-
intendent.  The County Superintendent is of the
opinion that the best interests of the school would
be served by denying both contracts, that is, by
refusing to approve the contracts of both of the
teachers in view of the personal feeling between
them, the factions among the school children, which
would be kept alive by the presence of both teachers
on the faculty, and the feeling in the community a-
mong the patrons of the school.  Accordingly, I am
requesting an opinion on the following question:
Under conditions as explained above, does the county
school superintendent have the power to refuse to
approve either or both of the teachers' contract?"

Please accept our thanks for the brief of authorities accompanying your request.

In the recent case of Peevy v. Carlile (not yet reported) the Supreme Court stated:

"In the present suit the County Superintendent had presented to her a legal contract within the meaning of the statutes governing its execution. It bound the teacher to perform the service. The salary was within the revenues of the school district and would not create a deficiency. The teacher was qualified to teach. In a word, the contract was legal in form and substance under the law which authorized its execution. The County Superintendent refused to approve it for the reason that she considered it to be to the best interests of the school that the scholastics thereof should be sent to a nearby district for their instructions. The law does not give her the authority to disapprove the contract for that reason. The refusal to approve the contract for the reason stated was without authority of law. Therefore the writ of mandamus should issue in accordance with the prayer of Mrs. Peevy and the school district, as was held by the trial court and the dissenting justice of the Court of Civil Appeals. Miller vs. Smiley, 65 S. W. (2d) 417 (Writ refused). In the case of White vs. Porter, 78 S.W. (2d) 287, it is said:

"'If the special facts and circumstances in the given case give rise to no valid reason or ground in law for his refusal, then it becomes his official duty, entirely nondiscretionary and ministerial in character, to approve the contract, and, upon refusal, to approve the same mandamus will lie to direct its performance. Article 2693, R.S., cited by appellees, does not vest in the county superintendent the unrestrained power to decline, at his will and without lawful reason, to approve a valid contract with a school teacher, when it is proper in form and substance and duly executed by the trustees. To hold otherwise would render void the power and authority vested by article 2750, R.S., in the trustees to select from the qualified applicants the teacher of their choice, and to make the proper contract with such teacher to teach the school term.'

"We approve that statement of the law.

"A careful study of the cases of Thomas v. Taylor, 163 S.W. 129 (writ refused) and Vanlandingham v. Hill, 47 S.W. (2d) 641, convinces us that those cases do not conflict with our holdings in this and other cases cited."

Although the County Superintendent may exercise his discretion as to certain matters in passing upon teachers' contracts, we find no provision in law which authorizes him to refuse approval of a teachers' contract for the reason that in his opinion it will be to the best interest of the school generally that such contract be disapproved.

It is our opinion that the County Superintendent of Schools is not authorized to refuse to approve contracts with the teachers and a superintendent of the consolidated school district in question under the facts as presented.

We enclose herewith a copy of our opinion No. 0-2284 upon a related question.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Cecil C. Cammack
Cecil C. Cammack
Assistant

CCC:N:wc

APPROVED JUN 18, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman